appellants. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of LOUISE M. ALEXANDER, Respondent, against DOLOMITE PRODUCTS COMPANY, Appellant, and CATHERINE SCHLAEFER and JOHN ODENBACH and Another, Doing Business as MANITOU CONSTRUCTION COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of PAUL RICCIO, Respondent, against MERCHANTS DESPATCH TRANSPORTATION COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was a riveter and steel worker and while in the regular course of his employment on January 19, 1920, he received injuries from which he is permanently partially disabled. His earning capacity was reduced to four dollars a week from December 12, 1930, to June 18, 1931, and from December 29, 1931, to March 17, 1932, and to sixty per cent of his former earnings from June 18, 1931, to December 29, 1931. During the year before his injury the claimant had earned $1,612, an average of five dollars and forty-eight cents a day. The Industrial Board under subdivision 5-a of section 15 of the Workmen's Compensation Law awarded compensation at the rate of fifteen dollars a week from December 12, 1930, to June 18, 1931; at the rate of seven dollars and ninety-two cents from June 18, 1931, to December 29, 1931; from December 29, 1931, to March 17, 1932, at the rate of fifteen dollars a week. There is competent testimony to sustain these awards. Awards unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Hefferman, JJ.

In the Matter of the Claim of SADIE S. HARVEY, Respondent, against BAKERS AND CONSUMERS COMPRESSED YEAST COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent, an outside salesman, who took orders and delivered merchandise, resided in Brooklyn; he took merchandise from the office of his employer in New York to his home at night. He took the package with instructions to make delivery before reporting to the office. When he left his home in the morning he took the package with him. He was killed en route to the office. The employer's report contained admission that the decedent received his injuries in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Hefferhan, JJ.

In the Matter of the Claim of ROBERT VAN PELT, Respondent, against THE BLUE WHITE LAUNDRY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of LILLIAN FISHER, Respondent, against AGATE ICE CREAM COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.